## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

ALVIN TRIMBLE,

        Plaintiff,

v.

AMERICAN CORADIUS INTERNATIONAL LLC, a Delaware limited liability company,

        Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff, Alvin Trimble, is a natural person.

8. The Plaintiff resides in the City of Aurora, County of Arapahoe, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant, American Coradius International LLC, is a Delaware limited liability company operating from an address at 2420 Sweet Home Road, Suite 150, Amherst, New York, 14228.

11. The Defendant's registered agent in the state of Colorado is the Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado, 80202.

12. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Defendant is licensed as a collection agency by the state of Colorado.

14. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15. The Defendant regularly attempts to collect debts alleged to be due another.

## **FACTUAL ALLEGATIONS**

16. Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

17. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Account went into default with the original creditor.

19. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

20. The Plaintiff disputes the Account.

21. The Plaintiff requests that the Defendant cease all communication on the Account.

22. In 2009 the Plaintiff received telephone calls and voicemail message(s) from the Defendant and / or representatives, employees and / or agents of the Defendant.

23. The purpose of these telephone calls and voicemail message(s) was to attempt to collect the Account.

24. In 2009 the Plaintiff called the Defendant and / or representatives, employees and / or agents of the Defendant in response to the telephone calls and voicemail message(s).

25. In July 2009 and September 2009 the Defendant and / or representatives, employees and / or agents of the Defendant left voicemail message(s) for the Plaintiff.

26. The telephone calls and voicemail message(s) conveyed information regarding the Account directly or indirectly to the Plaintiff.

27. The telephone calls and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

28. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant made telephone calls to the Plaintiff was to attempt to collect the Account.

29. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant had telephone conversations with the Plaintiff was to attempt to collect the Account.

30. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

31. The only reason that the Defendant and / or representatives, employees and / or agents of the Defendant left voicemail message(s) for the Plaintiff was to attempt to collect the Account.

32. In 2009 the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account falsely threatened to take legal action against the Plaintiff.

33. In 2009 the Defendant and / or representatives, employees and / or agents of the Defendant attempting to collect the Account left voicemail message(s) for the Plaintiff that did not contain the language required by 1692d(6) and 1692e(11).

34. On or about July 23, 2009, a representative, employee and / or agent of the Defendant called the Plaintiff and left a voicemail message for the Plaintiff.

35. The voicemail message stated: "Message is for Alvin Trimble. This is Terri with ACI. Please return the call today 888-863-8462. When calling back use reference 3276931. When calling back use your reference number 3276931. Again our phone number is 888-863-8462."

36. 1-888-863-8462 is one of the Defendant's telephone numbers.

37. "reference 3276931" and "reference number 3276931" stated in the voicemail message is the Defendant's account number and / or file number for the Account.

38. The voicemail message was an attempt to collect the Account.

39. The voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

40. The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

41. The voicemail message does not state that the communication is from a debt collector.

42. FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

43. The voicemail message does not meaningfully disclose the caller's identity.

44. The unknown collector did not state that she was calling from the Defendant during the voicemail message.

45. FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

46. FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

47. The Defendant and / or a representative, employee and / or agent of the Defendant was not acquiring location information on the Plaintiff when this voicemail message was left for the Plaintiff.

48. The unknown collector left this voicemail message for the Plaintiff.

49. The unknown collector did not leave this voicemail message for a person other than the Plaintiff.

50. The unknown collector was an employee of the Defendant at the time this message was left for the Plaintiff.

51. The unknown collector was an agent for the Defendant at the time this message was left for the Plaintiff.

52. The unknown collector was acting within the course of her employment with the Defendant at the time this message was left for the Plaintiff.

53. The unknown collector was acting within the scope of her employment with the Defendant at the time this message was left for the Plaintiff.

54. The unknown collector was under the direct supervision of the Defendant at the time this message was left for the Plaintiff.

55. The unknown collector was under the control of the Defendant at the time this message was left for the Plaintiff.

56. The unknown collector's actions in leaving this voicemail message for the Plaintiff are imputed to her employer, the Defendant.

57. The recording device used by the Defendant was capable of taping the voicemail message.

58. The operator of the recording device at the Defendant was competent to operate it.

59. The recording device used by Plaintiff was capable of taping the voicemail message.

60. The operator of the recording device used by the Plaintiff was competent to operate it.

61. The recording of the voicemail message is authentic and correct.

62. Changes, additions, or deletions have not been made to the voicemail message.

63. The voicemail message recording has been preserved in a manner that will be shown to the Court.

64. The speaker in the voicemail message has been identified as an employee of the Defendant.

65. The voicemail message was made voluntarily without any kind of inducement.

66. The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and the unknown collector at the Defendant.

67. The voicemail message is a business record of the Defendant.

68. The Defendant has a copy of this voicemail message.

69. The Defendant kept written documentation and / or computer note(s) that document that a message was left for the Plaintiff on July 23, 2009.

70. On or about September 16, 2009, a representative, employee and / or agent of the Defendant called the Plaintiff and left a voicemail message for the Plaintiff.

71. The voicemail message stated: "This is an important message for an Alvin Trimble, Jr. My name is Crystal calling from ACI. Contact us today at 888-863-8461. My direct extension is 4254. When calling refer to reference 3276931. We will be available in our office till 6 pm Eastern Standard Time tonight and reopen tomorrow morning at 8:00 am."

72. "reference 3276931" stated in the voicemail message is the Defendant's account number and / or file number for the Account.

73. The voicemail message was an attempt to collect the Account.

74. The voicemail message conveyed information regarding the Account directly or indirectly to the Plaintiff.

75. The voicemail message constituted a "communication" as defined by FDCPA § 1692a(2).

76. The voicemail message does not state that the communication is from a debt collector.

77. FDCPA 1692e(11) requires the disclosure that the communication is from a debt collector be included in the voicemail message.

78. The voicemail message does not meaningfully disclose the caller's identity.

79. The unknown collector did not state that she was calling from the Defendant during the voicemail message.

80. FDCPA 1692d states: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:"

81. FDCPA 1692d(6) states: "Except as provided in section 804, the placement of telephone calls without meaningful disclosure of the caller's identity."

82. The Defendant and / or a representative, employee and / or agent of the Defendant was not acquiring location information on the Plaintiff when this voicemail message was left for the Plaintiff.

83. The unknown collector left this voicemail message for the Plaintiff.

84. The unknown collector did not leave this voicemail message for a person other than the Plaintiff.

85. The unknown collector was an employee of the Defendant at the time this message was left for the Plaintiff.

86. The unknown collector was an agent for the Defendant at the time this message was left for the Plaintiff.

87. The unknown collector was acting within the course of her employment with the Defendant at the time this message was left for the Plaintiff.

88. The unknown collector was acting within the scope of her employment with the Defendant at the time this message was left for the Plaintiff.

89. The unknown collector was under the direct supervision of the Defendant at the time this message was left for the Plaintiff.

90. The unknown collector was under the control of the Defendant at the time this message was left for the Plaintiff.

91. The unknown collector's actions in leaving this voicemail message for the Plaintiff are imputed to her employer, the Defendant.

92. The recording device used by the Defendant was capable of taping the voicemail message.

93. The operator of the recording device at the Defendant was competent to operate it.

94. The recording device used by Plaintiff was capable of taping the voicemail message.

95. The operator of the recording device used by the Plaintiff was competent to operate it.

96. The recording of the voicemail message is authentic and correct.

97. Changes, additions, or deletions have not been made to the voicemail message.

98. The voicemail message recording has been preserved in a manner that will be shown to the Court.

99. The speaker in the voicemail message has been identified as an employee of the Defendant.

100. The voicemail message was made voluntarily without any kind of inducement.

101. The voicemail message will be authenticated by the testimony of the Defendant, the Plaintiff and the unknown collector at the Defendant.

102. The voicemail message is a business record of the Defendant.

103. The Defendant has a copy of this voicemail message.

104. The Defendant kept written documentation and / or computer note(s) that document that a message was left for the Plaintiff on September 16, 2009.

105. The Defendant kept written documentation and / or computer note(s) that document all telephone calls to the Plaintiff, all telephone calls from the Plaintiff and all voicemail messages left for the Plaintiff on the Account.

106. The Defendant records all telephone calls made by its representatives, employees and / or agents while attempting to collect accounts in the state of Colorado.

107. The Defendant records all telephone calls received by its representatives, employees and / or agents while attempting to collect accounts from individuals calling from the state of Colorado.

108. The Defendant records all voicemail messages left by its representatives, employees and / or agents while attempting to collect accounts in the state of Colorado.

109. The Defendant recorded all of the telephone calls with the Plaintiff on the Account.

110. The Defendant possesses copies of the recordings of all of the telephone calls with the Plaintiff.

111. The Defendant possesses copies of the recordings of all of the voicemail messages left for the Plaintiff on the Account.

112. No legal action has been taken on the Account.

113. No judgment(s) have been entered on the Account.

114. No legal action has been taken by the Defendant on the Account.

115. The Defendant has not received any judgment(s) on the Account.

116. The statements and actions were undertaken by the Defendant and its representatives, employees and / or agents as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

117. The Defendant and its representatives, employees and / or agents statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface, d(2) and d(6).

118. The Defendant and its representatives, employees and / or agents statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(5), e(10) and e(11).

119. The Defendant and its representatives, employees and / or agents statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

120. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

121. The Defendant's statements and actions as well as that of its representatives, employees and / or agents were willful and intentional violations of the FDCPA.

122.  As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages including emotional distress.

## RESPONDEAT SUPERIOR

123. The representatives and / or collectors at the Defendant were employees of the Defendant at all times mentioned herein.

124. The representatives and / or collectors at the Defendant were agents of the Defendant at all times mentioned herein.

125. The representatives and / or collectors at the Defendant were acting within the course of their employment at all times mentioned herein.

126. The representatives and / or collectors at the Defendant were acting within the scope of their employment at all times mentioned herein.

127. The representatives and / or collectors at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

128. The representatives and / or collectors at the Defendant were under the direct control of the Defendant at all times mentioned herein.

129. The actions of the representatives and / or collectors at the Defendant are imputed to their employer, the Defendant.

130. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

131. The previous paragraphs are incorporated into this Count as if set forth in full.

132. The acts and omissions of the Defendant and its representatives, employees and / or agents constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(6), § 1692e preface, e(5), e(10), e(11) and § 1692f preface.

133. The Defendant's violations are multiple, willful and intentional.

134. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages,

statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

    Respectfully submitted,

    _s/ David M. Larson_____
    David M. Larson, Esq.
    405 S. Cascade Avenue, Suite 305
    Colorado Springs, CO 80903
    (719) 473-0006
    Attorney for the Plaintiff